# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| FARNANDO WHITEHEAD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-07-2066 |
| | § | |
| PAYLESS SHOE SOURCE, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

On July 27, 2007, Defendant Payless ShoeSource, Inc. ("Payless") filed a Motion to Dismiss Pursuant to Rule 12(b)(5) and Motion to Quash Service of Process. (Docket Entry No. 4). Payless argued that although it maintained a registered agent for service of process in Texas, plaintiff Farnando Whitehead had failed to effect proper service. (*Id.*). Whitehead did not respond to the motions until October 31, 2007. (Docket Entry No. 14). In his response, Whitehead pointed out that he had filed an amended complaint on September 18, 2007, that he and Payless had jointly filed a Joint Discovery/Case Management Plan on September 24, 2007, and that he had served the amended complaint on October 25, 2007. (*Id.*). Whitehead asked the court to deny Payless's motion to dismiss and motion to quash.

Federal Rule of Civil Procedure 4(m) provides in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified

> time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). Whitehead's original complaint was filed on June 21, 2007. Assuming that the service effected on October 25, 2007 was otherwise proper, it nonetheless fell outside the 120-day time limit for serving the summons and complaint. Whitehead has not stated a basis for finding good cause for the delay in effecting service. Nor has Whitehead provided an explanation as to why he did not respond to Payless's motion to dismiss for over three months.

Whitehead did file an amended complaint on September 18, 2007. However, filing an amended complaint generally will not toll the 120-day time limit for service. *See* 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1137 (3d ed. 2002) ("Although *filing an amended complaint in itself does not toll the service period*, thereby providing an additional 120 days for service, adding a new party through an amended complaint initiates a new 120-day timetable for service upon the added defendant." (emphasis added)). The amended complaint changed the name of the defendant from Payless Shoe to Payless Shoesource, Inc.; however, this change does not appear to add a defendant, but rather to correct the name.

Despite Whitehead's delay in effecting service and in responding to Payless's motion to dismiss and motion to quash, it is clear that Payless knew of Whitehead's suit within the time provided for service in Rule 4(m). It is also clear that service of the summons and the amended complaint was effected less than a week after the 120-day period ended. Whitehead

appears to have now properly served Payless with the amended complaint.  A dismissal based on untimely service of the original complaint would be inefficient.  *See* 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1137 (3d ed. 2002) ("However, enforcement of the 120-day period may be found to be unnecessarily wasteful when it is applied to require the filing and service of the original complaint within 120 days, even though an amended complaint already has been served correctly and in a timely fashion.").  Payless's motion to dismiss is denied and the motion to quash is moot.

      SIGNED on  November 6, 2007, at Houston, Texas.

                                                      Lee H. Rosenthal
                                         United States District Judge